## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NORVELL THOMAS COLEMON,
d/b/a Agape Development, Inc.,

        Plaintiff,

        -vs-        Case No. 06-C-0852

MARSHALL & ILSLEY BANK,
TIM MAJCEN, and
KEVIN SLAMANN,[1]

        Defendants.

## DECISION AND ORDER

Plaintiff Norvell Thomas Coleman, a state prisoner, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account

---

[1] Although Tim Majcen and Kevin Slamann were not named in the caption of the September 11, 2006, order, the complaint identifies Majcen and Slamann as defendants in this action. (*See* Compl. at 2).

statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[2]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $11.64. Thus, his motion for leave to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and

3

the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff is presently confined at Racine Correctional Institution (RCI). (Compl. at 1). Defendant Marshall & Ilsley Bank (M&I) is located at One Main Place in Racine. *Id*. at 6. Defendant Tim Majcen is the president of M&I. *Id*. at 2. It appears that defendant Kevin Slamann is also an M&I employee, although the complaint does not explicitly state so. *See id.*

At the outset, the court notes that the complaint, which was filed using a standard § 1983 form, is single-spaced, rambling and partially handwritten. As best the court can tell, defendant Majcen certified checks to be withdrawn from the plaintiff's checking account, thereby violating the plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *Id*. at 6-8. Majcen's actions also violated FDIC policies. *Id*. at 6. As a result, "the plaintiff was wrongfully arrested, inappropriately charged with a state statute violation, convicted and sentanced (sic) when all matters pertaining to banking infractions of the Federal Reserve System, Federal Deposit Insurance Corporation fall under federal jurisdiction." *Id*. at 12.

4

For relief, the plaintiff seeks punitive damages "to address the amount of time [he] was warehoused." *Id*. at 14. In addition, he asks for "full exhonoration (sic)" from his six year prison sentence, that all his business equipment be returned to him and that he be awarded a "reasonable amount" for his pain and suffering. *Id*.

The complaint does not state a claim. First, plaintiff brought this action pursuant to § 1983 which provides a cause of action against state actors. *See Gomez*, 446 U.S. at 640. However, defendants M&I Bank and Tim Majcen are not state actors.

With respect to defendant Kevin Slamann, the complaint fails to state facts indicating his direct, personal involvement as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff provided any facts showing that the alleged violation of his constitutional rights occurred at Slamann's direction or with his knowledge and consent. *Id*.

The complaint also fails to state a claim because the plaintiff has indicated that his sentence is illegal and that he should be released from prison. However, the Supreme Court has held that the writ of habeas corpus is the exclusive remedy for prisoners seeking release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Although it is possible to convert the plaintiff's civil rights claims to a writ for habeas corpus, the scope of recharacterization is extremely limited. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)(quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). The Court of Appeals for the Seventh Circuit has warned district courts:

5

> there are pitfalls of different kinds for prisoners using the wrong vehicle....If a person files a habeas corpus petition that should be presented under other statues, he or she may be subject to the three-strikes rule of the PLRA and somewhat different exhaustion requirements. Other important differences include the identity of the defendant (the warden versus the doctors, or guards, or others responsible for the alleged injury), the amount of the filing fee, the way in which exhaustion must be accomplished, and the type of restriction on successive lawsuits. In most cases, therefore, the district court should evaluate the cases as the plaintiffs label them.

*Id*. (internal citations omitted).

A district court may recharacterize a civil rights claim "[i]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Id*. In a habeas corpus petition, the proper defendant is the warden of the correctional institution where the plaintiff is currently incarcerated. *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).

Here, the plaintiff has not named the warden of RCI as a defendant. Thus, the complaint is not amenable to conversion and, therefore, the court will not recharacterize this action as a petition for writ of habeas corpus.

In sum, this plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992).

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **granted.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $338.36 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**

8

Case 2:06-cv-00852-RTR   Filed 12/04/06   Page 8 of 8   Document 4