**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NORVELL THOMAS COLEMON,**
d/b/a Agape Development, Inc.,

        **Plaintiff,**

        -vs-                              Case No. 06-C-0852

**MARSHALL & ILSLEY BANK,**
**TIM MAJCEN, and**
**KEVIN SLAMANN,**

        **Defendants.**

## DECISION AND ORDER

Plaintiff, Norvell Thomas Coleman, a state prisoner, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. By order dated December 4, 2006, the court screened the complaint under 28 U.S.C. § 1915A and found that it failed to state a claim for relief. Specifically, the plaintiff did not allege that a state actor was responsible for depriving him of any right. Therefore, judgment was entered dismissing this action. This matter comes before the court on the plaintiff's motion to amend the complaint.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a

> movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

On the other hand, a plaintiff will not be allowed to amend his complaint if such amendments would be futile. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. *Id*. Therefore, the court will now screen the amended complaint pursuant to 28 U.S.C. § 1915A(a) to determine if it states any claim(s) for relief.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

2

theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "*Malicious*," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell *Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id*. at 970.

The plaintiff is currently incarcerated at Winnebago Correctional Center. Defendants Tim Majcen, Debbie McDonald and Kevin Slamann work at the Racine branch of Marshal & Illsley Bank (M& I). The complaint also names the Federal Deposit Insurance Corporation (FDIC) as a defendant.

3

The story behind this case begins in May, 2004, when defendant Majcen instructed defendant McDonald to open a commercial checking account for the plaintiff's business, Agape Development Corporation, Inc (Agape). Checks were prepared for this account and sent to Agape at 1529 W. Sixth Street, Milwaukee, Wisconsin.

Agape had made prior arrangements to have $1 million transferred to this account. According to the plaintiff, the mailing of the checks certified that these funds were available.

The plaintiff avers that, as Agape's Chief Executive Officer, he did not authorize the creation of the checking account. Moreover, he asserts that the account was opened without presentation of a corporate tax identification number, articles of incorporation, or any record of deposit, which are required to establish a corporate checking account. As a result of the defendants' actions, the plaintiff's opportunity to acquire a segment of the Marquette Interchange was impaired.

Prior to opening the account, the plaintiff approached Kevin Slamann, who owns Excel Closing and Harvard Title, to assist in obtaining mortgage funding on real estate that Agape wanted to acquire. Defendant Slamann "was made aware of income to pre-qualify for mortage(s)" and he was informed of Agape's business structure. (Complaint at 2). At that time, Agape intended to "post a performance bond in the amount of 1 billion dollars to secure the full MBE award granting Agape $96 million in profits." *Id*. This

4

information was the sole basis for which the commercial checking account at M& I was opened.

The plaintiff contends that the defendants violated the Due Process Clause of the Fourteenth Amendment and various state and federal laws when they closed the checking account without delivering proper notice to Agape. He further claims that the defendants violated the following federal statutes: 15 U.S.C. § 6801, 15 U.S.C. § 6822, 12 U.S.C. § 1813, 12 U.S.C. § 1818, 18 U.S.C. § 1005, 12 U.S.C. § 4009, 12 U.S.C. § 4303, 12 U.S.C. § 4302, 15 U.S.C. § 1693, 12 U.S.C. § 501, 18 U.S.C. § 656, 12 U.S.C. § 371(c). Additionally, the plaintiff avers that the defendants violated various provisions of state law, including: Wis. Stat. § 220.035, Wis. Stat. § 21.0308, Wis. Stat. § 177.05, Wis. Stat. § 177.06 and Wis. Stat. § 403.503. Finally, the plaintiff requests declaratory and injunctive relief.

## 1.  Personal Involvement

As a preliminary matter, the plaintiff has named Tim Majcen, Debbie McDonald, Kevin Slamann and the FDIC as defendants. However, the FDIC is not mentioned in the body of the complaint. The plaintiff's failure to assert a specific act of wrongdoing by the FDIC does not suffice to meet the personal involvement requirement necessary for § 1983 liability. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is

5

properly dismissed, even under the liberal construction to be given *pro se* complaints."). Therefore, defendant FDIC will be dismissed from this action.

**2. Due Process Claim**

The plaintiff alleges that the defendants violated his rights under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause provides that "[n]o state shall...deprive any person of life, liberty or property without due process of the law." U.S. CONST. amend XIV, § 1. In the present case, however, the defendants are not state actors. Therefore, the plaintiff may not proceed on a due process claim.

**3. Federal Claims**

The plaintiff alleges that the defendants violated the following provisions of federal law: (1) 15 U.S.C. §§ 6801, 6822 and 1693; (2) 12 U.S.C. §§ 1813, 1818, 4009, 4302, 4303, 371(c) and 501; and (3) 18 U.S.C. §§ 656 and 1005.

First, the plaintiff avers that the defendants violated 15 U.S.C. §§ 6801, 6822 and 1693. Section 6801 provides that financial institutions have an obligation to respect the privacy of their customers and protect the security of their nonpublic personal information. Section 6822 states that the Federal Trade Commission is the administrative agency responsible for enforcing violations of that subtitle. Finally, section 1693 sets forth the congressional findings and declaration of purpose for Electronic Fund Transfer Systems. Inasmuch as the complaint does not present facts which implicate the aforementioned statutes, the plaintiff may not proceed on these claims.

6

Next, the plaintiff asserts that the defendants violated 12 U.S.C. §§ 1813 and 1818, which are provisions of the Federal Deposit Insurance Act. Section 1813 sets forth the definitions of terms found in the Federal Deposit Insurance Act. Section 1818 describes the termination process for an insured depository institution. These provisions, however, do not provide any enforceable rights. Therefore, the plaintiff may not proceed on these claims.

Next, the plaintiff alleges that the defendants violated 12 U.S.C. § 4009, or the Expedited Funds Availability Act. Section 4009 provides that the Expedited Funds Availability Act shall be administratively enforced. Because the complaint makes no claim involving expedited funds, the plaintiff may not proceed on this claim.

Next, the plaintiff argues that the defendants violated 12 U.S.C. §§ 4302 and 4303, which are part of the Truth in Savings Act. Section 4302 provides that all advertisements posted by a financial institution shall disclose the interest rate and terms of accounts. Section 4303 states that each institution shall maintain a schedule of fees applicable to each account offered by the depository institution. Again, the complaint does not set forth any claim implicating these provisions. Therefore, the plaintiff may not proceed on claims under sections 4302 or 4303.

Next, the plaintiff maintains that the defendants violated 12 U.S.C. § 371(c). Section 371 permits any national banking association to extend credit for a real estate loan. It does not, however, convey on the plaintiff any enforceable rights. Therefore, the plaintiff may not proceed on this claim.

7

Finally, the plaintiff avers that the defendants violated 12 U.S.C. § 501, 18 U.S.C. § 1005 and 18 U.S.C. § 656. Taken together, these provisions make it unlawful for a bank to certify a check drawn upon the bank without confirming that the person drawing the check has on deposit with such bank at the time the check is certified an amount of money not less than the amount specified in the check. *See, e.g., United States v. Giordano*, 489 F.2d 327 (2nd Cir. 1973)(affirming the defendant's conviction for check-kiting). The Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute cases," *United States v. Nixon*, 418 U.S. 683, 693 (1974), and a private citizen, such as the plaintiff, has no standing to sue based on any interest in prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, the complaint does not allege that the defendants improperly certified any check. Accordingly, the plaintiff may not proceed on these claims.

**4. State Law Claims**

The plaintiff alleges that the defendants violated the following state statutes: Wis. Stat. § 220.035, Wis. Stat. § 21.0308, Wis. Stat. § 177.05, Wis. Stat. § 177.06 and Wis. Stat. § 403.503. In any civil action in which district courts have original jurisdiction, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .". 28 U.S.C. § 1367(a). This section allows district courts to maintain supplemental jurisdiction over counterclaims, whether compulsory or permissive, so long as

8

the counterclaims "are so related to" the original claims that they form the same case or controversy. *Channell v. Citicorp Nat'l Servs.*, 89 F.3d 379, 385-87 (7th Cir. 1996).

First, the plaintiff claims that the defendants violated Wis. Stat. § 220.035, which sets forth the duties of the Banking Review Board. The complaint, however, makes no allegation involving the Banking Review Board. Thus, the plaintiff may not proceed on this claim.

Next, the plaintiff avers that the defendants violated Wis. Stat. § 221.0308, which provides that banks may enter into agreements to take advantage of privileges created by the establishment of the Federal Deposit Insurance Corporation. Inasmuch as this provision does not bestow upon the plaintiff any enforceable rights, he may not proceed on such claim.

Next, the plaintiff contends that the defendants violated Wis. Stat. §§ 177.05 and 177.06, which are part of the Uniform Unclaimed Property Act.[1] In the present case, the plaintiff makes no claim regarding abandoned property. Therefore, he may not proceed on claims predicated on sections 177.05 and 177.06.

Finally, the plaintiff avers that the defendants violated Wis. Stat. § 403.503. Section 403.503 discusses the notice of dishonor for negotiable instruments. In the present

---

[1] Section 177.05 states that any sum payable on a check or similar instrument which has been outstanding for more than 5 years after it was payable is presumed abandoned. Section 177.06 provides that any demand, savings or matured deposit is presumed abandoned after 5 years unless the owner takes certain actions.

9

case, however, the complaint does not make any allegation involving a dishonored instrument. Therefore, the plaintiff may not proceed on this claim.

In sum, the amended complaint fails to state any claims for relief. Therefore, the plaintiff's motion to amend the complaint will be denied. *See Moore*, 999 F.2d at 1128.

## ORDER

**IT IS THEREFORE ORDERED** that defendant Federal Deposit Insurance Corporation is **dismissed.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket # 8) is **denied.**

Dated at Milwaukee, Wisconsin, this 7th day of December, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**